J. C. DULWORTH and Eva Dulworth, Plaintiffs,

v.

UNITED STATES of America, Defendant.

E. V. DULWORTH and Virginia Dulworth, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. Nos. 3951, 3952.

United States District Court
W. D. Kentucky,
Louisville Division.

May 1, 1961.

Ernest Woodward, II, Louisville, Ky., for plaintiffs.

William B. Jones, U. S. Atty., Louisville, Ky., for defendant.

BROOKS, Chief Judge.

These cases, having come on for hearing before the Court without a jury, and briefs having been submitted by the parties, the Court, having carefully considered the testimony and the legal arguments of counsel, adopts the following Findings of Fact and Conclusions of Law as submitted by the Defendant:

## FINDINGS OF FACT

### I

These are actions for the recovery of internal revenue taxes in the total amount of $14,154.48, plus interest, for the years 1956 and 1957.

### II

Plaintiffs E. V. Dulworth and Virginia Dulworth, and Plaintiffs J. C. Dulworth and Eva Dulworth filed timely joint income tax returns for the years 1956 and 1957. Upon examination a deficiency in income taxes was timely assessed against Plaintiffs. Timely claims for refund were filed and this action was subsequently commenced.

### III

Plaintiff E. V. Dulworth is the son of Plaintiff J. C. Dulworth. E. V. and Virginia Dulworth have three minor children, Virginia, Jane and Joan. Carole Ann Dulworth, a minor, is the daughter of J. C. and Eva Dulworth.

### IV

On March 3, 1956, Kenneth L. Phillips, E. V. Dulworth as guardian for Virginia, Jane and Joan Dulworth, and Eva Dulworth as guardian for Carole Dulworth entered into an alleged partnership agreement. The alleged partnership was known as "Phillips Homes." By the terms of the agreement, Mr. Phillips was to "supervise all construction work, and to have complete charge of contracting for all labor and materials." The guardians agreed "to furnish the necessary cash or credit for the construction of these houses." Any advances made by the guardians, however, were to be repaid to them prior to the distribution of profits.

### V

During the year 1956 the guardians as such contributed no cash or capital to "Phillips Homes." J. C. and E. V. Dul-

worth, however, in their individual capacities loaned "Phillips Homes" $28,000, which was repaid to them. In addition, a loan of $1300 from Carole Ann Dulworth, individually, and an advance of $1300, representing certain insurance proceeds, during the year 1956 was repaid.

## VI

Pursuant to the agreement profits were to be divided equally among the partners. During the year 1956 each alleged partner was credited with a profit of $1,859.04 on the books of "Phillips Homes," although none of this money was actually withdrawn by the guardians.

## VII

On January 1, 1957, four trusts were created, one for each of the above named minor children. J. C. Dulworth was the donor of a trust for his daughter, Carole, and his son, E. V. Dulworth was designated as trustee. E. V. Dulworth was the donor to three trusts, each created for the benefit of his three children, Virginia, Jane and Joan. J. C. Dulworth was the trustee of these three trusts.

## VIII

The donor to each of the four trusts contributed a $100 U. S. Treasury bond. None of these bonds were in fact redeemed and remained the corpus of the trusts during the year 1957.

## IX

On January 3, 1957, the trusts became alleged partners in "Phillips Homes," replacing the guardians as alleged partners, although the guardians never withdrew formally from "Phillips Homes" created March 3, 1956.

## X

During the year 1957 each alleged partner was credited on the books of "Phillips Homes" with the amount of $11,025.34, but none of this amount was withdrawn by the trusts.

## XI

During the year 1957 Dulworth Developers, a corporation owned completely by Plaintiffs J. C. Dulworth, Eva Dulworth, and E. V. Dulworth, loaned "Phillips Homes" $28,000, which was repaid to it prior to the paper distribution of profits. E. V. and J. C. Dulworth were responsible for obtaining such credit for "Phillips Homes".

## XII

"Gibson Acres" was an alleged partnership formed in 1956, but it did not commence operation until 1957. The purpose of "Gibson Acres" was to subdivide land and sell lots. In 1957 Orville B. and Blanche B. Gibson, J. W. McGill, Kenneth Thomason, J. C. Dulworth, Trustee, and E. V. Dulworth, Trustee, were the alleged partners. It was the obligation of the trusts to advance sufficient capital to install gas and water in all tracts and to supply the necessary money so that the 48 acres could be surveyed, plotted and subdivided. Any such advances were to be repaid prior to the distribution of profits.

## XIII

The necessary capital was furnished by E. V. Dulworth, personally, or by Dulworth Developers. As of December 31, 1957, the records of "Gibson Acres" showed $10,554.92 due, as notes payable, Dulworth Developers. The trusts contributed no capital to "Gibson Acres," nor, as such, rendered personal services.

## XIV

During the year "Gibson Acres" suffered a loss of $9.90 which was shared equally by the five partners.

## XV

"Bradshaw Homes" was formed late in 1957, the alleged partnership being composed of H. C. Bradshaw, J. C. Dulworth, Trustee, and E. V. Dulworth, Trustee. The terms of the agreement are substantially identical to "Phillips Homes." During the year 1957 Plaintiffs caused Dulworth Developers to advance the amount of $17,000. This amount was a loan and was repaid. The trusts contributed no capital to "Bradshaw Homes", nor, as such, rendered personal services.

## XVI

For the year 1957 "Bradshaw Homes" showed a loss of $585.37, which was shared equally by the alleged partners.

## XVII

Neither the guardians nor the trustees opened separate bank accounts for the guardianships or the trusts.

## XVIII

Neither the guardians nor the trustees performed services for the alleged partnerships as guardians or trustees.

## XIX

It was not publicly known that the guardians or trusts were alleged partners in the above named partnerships.

## XX

The income (and losses) attributed by the "Phillips Homes," "Bradshaw Homes" and "Gibson Acres" to the guardians and trustees was properly attributable to Plaintiffs. In effect, Plaintiffs assigned income to themselves as guardians or as trustees, as the case may be.

## XXI

The guardianships and trusts were not bona fide members of "Phillips Homes," "Bradshaw Homes" and "Gibson Acres," Plaintiffs, individually, were responsible for the production of that income attributed to the guardianships or trusts through investment of capital or the furnishing of credit.

## CONCLUSIONS OF LAW

### I

This Court has jurisdiction of the parties and subject matter of these actions.

### II

■ An interest in a partnership which is created by gift is to be recognized (Section 704(e) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 704 (e) (1)), providing there is a bona fide gift. In these actions, however, neither the guardianships nor the trusts acquired an interest in "Phillips Homes," "Bradshaw Homes" or "Gibson Acres" by gift or purchase. Furthermore, neither the guardianships nor the trusts contributed capital to them. Accordingly, Section 704 (e) (1) is not applicable.

### III

The trusts or the guardianships did not perform personal services for "Phillips Homes," "Bradshaw Homes" or "Gibson Acres," and accordingly, the income received is not compensation for services rendered by the guardianships or the trusts, as such.

### IV

Inasmuch as the guardianship or the trusts contributed neither capital nor services, they were not, as a matter of tax law, entitled to a share of the profits. This fact alone distinguishes Peterson v. Gray, 4 A.F.T.R.2d 5559, decided by this Court, from the instant case.

### V

■ Either J. C. Dulworth or E. V. Dulworth met, as individuals, the obligations of the guardianships or the trusts by furnishing the necessary cash or credit to "Phillips Homes," "Gibson Acres" and "Bradshaw Homes." The effect of such an arrangement is that future income was assigned to the guardianships or the trusts by Plaintiffs, and it has clearly been held in Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, that such an assignment of future income does not shift incidence of taxation of that income from the earners to the assignees thereof. In reality Plaintiffs were partners.

### VI

■ Whether the alleged partnerships were valid under state law is immaterial. Income is taxed to the person who earns it. Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

### VII

For the foregoing reasons, Plaintiffs' complaint should be dismissed and judgment, together with costs, should be entered for the Defendant. Counsel for the Defendant shall prepare and submit a proposed judgment upon notice to Plaintiffs.